(21 Misc. Rep. 523.)

### SANDMANN v. BAYLIES et al.

(City Court of New York, General Term. October 26, 1897.)

1. NEGLIGENCE—MAINTENANCE OF NUISANCE.
   Plaintiff was injured by slipping, on a rainy day, on an iron door placed within the stoop line. He was perfectly familiar with it, had often walked across it, and had never considered it dangerous. The door had been there for years, and no complaint had ever been made. *Held*, that the door did not constitute a nuisance.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Plaintiff, in order to make a "short cut," left the unobstructed sidewalk, and attempted to walk over an iron door which lay wholly within the stoop line, and with the location of which he was familiar. It was raining, the door was slippery, and he was injured. *Held*, that the facts failed to show absence of contributory negligence.

Appeal from trial term.

Action by Jacob Sandmann against Nathalie E. Baylies and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Dulon & Roe, for appellant.

Carter & Ledyard, for respondents.

CONLAN, J. This is an appeal from a judgment at the trial term entered upon the dismissal of the complaint at the close of the plaintiff's case. Two causes of action are claimed by the plaintiff, namely, the maintenance of a nuisance and negligence. The facts upon which the recovery is sought are, briefly, as follows: On the 17th day of November, 1894, the plaintiff, in coming from his place of business at No. 534 Broadway, New York City, which is just north of Spring street, on the west side, and around the corner into Spring street, stepped upon an iron door lying within the stoop line, and slipped and

fell, and received the injuries complained of. It is in evidence that this iron door forms no part of the sidewalk, but is entirely within the stoop line, the sidewalk on Broadway being at that point 17 feet in width, and on Spring street 13 feet. The day of this occurrence was wet, and the plaintiff states that he did not carry an umbrella, because of the wind, but that he hastened around the corner, took a short cut, and stepped upon this iron door, slipped, and fell. He says he was in the habit of going back and forth across the same iron door, and was familiar with it and the sidewalk. He noticed the doors several times, and never thought them dangerous, and had gone over them mostly every day. He could easily have avoided the accident, and it is not in evidence that the sidewalk was in any way incumbered or obstructed so as to interfere with ordinary travel, or that there was any other obstacle or incumbrance to the full enjoyment of the sidewalk. These same doors had been in place for a number of years, and there does not appear to have been any complaint against their existence or maintenance by any one at any time. No accident had theretofore occurred because of their position or condition, and it is very difficult, indeed, to find that they constituted a nuisance, in any sense of the word. We are of the opinion that the plaintiff has utterly failed to establish the fact of nuisance, as claimed in his complaint.

Proceeding to a discussion of the remaining question on this appeal, namely, that of negligence, there appears sufficient in the evidence, as detailed above, to show that the plaintiff himself was guilty of contributory negligence, and, if that is so, he cannot recover in this action. We have already seen that he could have avoided the risk which he chose to assume. The way was clear to him. He had passed it and crossed it many times in safety, and had never complained of it in any way. If, because of the changed conditions consequent upon a wet day, and the wind preventing the use by him of an umbrella to shelter himself from the rain, he, with undue haste, and regardless of the consequences, took the shorter cut, when he could easily have avoided the risk by keeping the sidewalk, and stepped upon the door, and slipped and fell to the sidewalk, he must be deemed to have taken upon himself the entire risk of his act, and to have himself assumed all the consequences thereof. We do not deem it necessary, in conclusion, to discuss at any further length the authorities covering this class of cases. It is sufficient to say that the burden of proof was upon him to show the absence of contributory negligence, and on this point there appears to be an utter failure of proof. The learned judge, in reaching his decision for a dismissal of the complaint, says: "If you had a case or an ordinary action for negligence, even then I would dismiss your complaint, under the evidence, because it is apparent that the plaintiff was guilty of contributory negligence;" and with this view we are in accord. Having reached this conclusion, it follows that the judgment should be affirmed, with costs.

SCHUCHMAN, J., concurs.